# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# TYLER DIVISION

| | | |
|---|---|---|
| COREY A BURLEY, ET AL | § § § § § | |
| Plaintiffs, | § | CAUSE NO. 6:13-CV-00601-RC-KNM |
| v. | § § | |
| LORIE DAVIS - DIRECTOR TDCJ-CID, | § § § | |
| Defendant. | § | |

| | | |
|---|---|---|
| EDWARD BACHELDER, | § § § | |
| Plaintiff, | § § | CAUSE NO. 6:13-CV-00561-RC-KNM |
| v. | § § | |
| LORIE DAVIS - DIRECTOR TDCJ-CID, | § § § | |
| Defendant. | § | |

| | | |
|---|---|---|
| MICHAEL LANE, | § § § § | |
| Plaintiff, | § § | CAUSE NO. 6:14-CV-00397-JDL |
| v. | § § | |
| JOHN RUPERT, ET AL., | § § § | |
| Defendants. | § § | |

# ORDER ADOPTING REPORTS AND RECOMMENDATIONS
# OF THE UNITED STATES MAGISTRATE JUDGE

Plaintiffs filed suit challenging the Texas Department of Criminal Justice (TDCJ) grooming and devotional or religious headwear policies as a violation of the Religious Land Use and Institutionalized Person Act (RLUIPA). Defendant filed a 12(b)(1) Motion to Dismiss Moot Claims for Prospective Relief (*Burley*, Dkt. # 125), a Motion for Summary Judgment as to Plaintiff Lane (*Burley*, Dkt. #105), a Motion for Summary Judgment as to the Consolidated Plaintiffs (*Burley*, Dkt. #128), and a Motion for Summary Judgment as to Plaintiff Bachelder (*Bachelder*, Dkt. #69). The complaints were referred to United States Magistrate Judge K. Nicole Mitchell, who issued the following recommendations: (1) that Defendant's 12(b)(1) Motion to Dismiss Moot Claims for Prospective Relief should be denied, (*Burley*, Dkt. # 141); (2) that Defendant's Motion for Summary Judgment as to Plaintiff Lane be granted and that Lane's claims be dismissed with prejudice, (*Burley*, Dkt. # 143); and (3) that Defendant's Motion for Summary Judgment as to Consolidated Plaintiffs and against Plaintiff Bachelder. *Id*. Both Plaintiffs and Defendant have filed objections, (*Burley*, Dkt. #145; 148), which will be discussed in turn.

1. **Standard of Review and Reviewability**

Where a magistrate judge's report has been objected to, the district court reviews the recommendation *de novo* pursuant to Federal Rule of Civil Procedure 72. *See* 28 U.S.C. §636(b)(1) ("A judge of the court shall make a *de novo* determination of those portions of the report or specified proposed findings and recommendations to which objection is made."). Under *de novo* review, the court examines the entire record and makes an independent assessment of the law. Alternatively, when no objections are filed, a plaintiff is barred from *de novo* review by the district judge of those findings, conclusions, and recommendations and, except upon grounds of plain error, from appellate review of the unobjected-to factual findings and legal conclusions

accepted and adopted by the district court. *Douglass v. United Servs. Automobile Ass'n.*, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*).

## 2. Discussion and Analysis

### A. Motion to Dismiss Moot Prospective Claims for Relief

The Report concluded, first, that Plaintiffs' devotional item claims are not moot because, despite Defendants' contention that Plaintiffs are permitted to wear their religious headwear, TDCJ has not instituted a formal policy change. Because the actual formal policy does not allow Plaintiffs to wear their religious headwear throughout TDCJ facilities, their claims are not moot. Second, the Report concluded that the grooming policy claims are not moot because Defendant's new policy requires Plaintiffs to shave their beards annually, which necessarily prevents them from maintaining their fist-length beards at all times. Finally, the Report determined that Plaintiffs have standing because they are subject to the Defendant's enforcement of the grooming policy and specifically pleaded that Defendant's enforcement of the policy substantially burdens their sincerely held religious beliefs.

Defendant's objections repeat the same arguments presented in the underlying motion to dismiss. (*Bachelder*, Dkt. #142). Specifically, Defendant maintains that the devotional item and grooming policy claims remain moot because Defendant instituted a formal change that allows inmates claiming a religious exception to grow a beard, subject to an annual shave for security purposes. However, the new policy still requires Plaintiffs to shave, which they argue substantially burdens their religious beliefs. Moreover, while Defendant maintains that TDCJ now allows inmates to wear their religious headwear, she admits that it is "interim relief" and that there has been no formal change, which is relief subject to withdrawal at the whim of prison officials. *See, e.g.*, *Hernandez v. Cremer*, 913 F.2d 230, 235 (5th Cir. 1990) (holding that claim for injunctive relief regarding a new INS policy, issued by an oral directive, was not moot because the policy

3

was "merely oral and absolutely subject to withdrawal" at the official's discretion).

Finally, Defendant insists that Plaintiffs do not have standing to challenge the grooming policy because the new grooming policy addressed their original claim, and their new challenge to the new policy—the permission to wear a beard except for an annual shave—represents a new claim beyond the original complaint. However, as examined in the Report, Plaintiffs are currently subject to Defendant's grooming policy and thus have standing. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 562, 112 S.Ct. 2130, 2137 (1992) (explaining that when challenging the legality of government action or inaction, standing "depends considerably upon whether the plaintiff is himself an object of the action (or foregone action) at issue.").

Moreover, according to Plaintiffs, the grooming policy substantially burdens their religious exercise and beliefs—a burden that remains even with the addition of the new policy permitting them to wear a beard subject to an annual shave. Consequently, the Plaintiffs have standing and have not presented a claim beyond their original complaint.

### B. Motions for Summary Judgment

With respect to Defendant's motion for summary judgment against Plaintiff Lane, (*Burley* Dkt. # 105), the Report concluded that Plaintiff Lane's claim must be dismissed with prejudice because he had not exhausted all administrative remedies. On objection, Plaintiff Lane argues that the case presents extraordinary circumstances such that the exhaustion requirement should be excused. (*Burley*, Dkt. # 145). He notes that he exhausted his remedies after the filing of the lawsuit and requiring him to exhaust his remedies would be futile.

As outlined in the Report, exhaustion is mandatory. *See Dillon v. Rogers*, 596 F.3d 260, 272-73 (5th Cir. 2010) ("[D]istrict courts have no discretion to excuse a prisoner's failure to properly exhaust the prison grievance process before filing their complaint."). Even on objection, Lane has offered no extraordinary circumstance or explanation as to why he did not properly

exhaust his administrative remedies; he simply maintains and reargues that exhaustion would be futile.

As for the remaining Plaintiffs, Defendant filed an objection to the Report recommending that, apart from Plaintiff Lane, the motions for summary judgment as to the consolidated Plaintiffs and Bachelder should be denied. (Dkt. #148). Defendant maintains that the remaining Plaintiffs should be required to re-exhaust their claims because TDCJ's new, intervening policy—which allows inmates to grow a beard subject to the same annual shave for security reasons—was not in effect when Plaintiffs initially filed suit and TDCJ is entitled to receive "fair notice" of all inmate grievances. *See Johnson v. Johnson*, 385 F.3d 503, 516 (5th Cir. 2004) (explaining that the purpose of the exhaustion requirement is to give prison officials "fair notice of the problem that will form the basis of the prisoner's suit.") (internal quotations and citation omitted).

However, as outlined in the Report, the crux of Plaintiffs' claim remains unaltered even with the addition of TDCJ's new, intervening policy. Plaintiffs' grievances claim that they seek the ability to wear a beard and that TDCJ officials are denying them the ability to do so. Some of the Plaintiffs highlight how shaving violates their religious beliefs. Because TDJC's new policy still requires inmates to shave, Plaintiffs' claim remain unaffected. Accordingly, TDCJ has been on notice of the problem forming the basis Plaintiffs' lawsuit since the filing of their grievances such that requiring Plaintiffs to "re-exhaust" so that TDCJ would be on "fair notice" is unpersuasive. *See, e.g.*, *Moussazadeh v. Tex. Dep't of Criminal Justice*, 703 F.3d 781, 788 (5th Cir. 2012) ("Where the prisoner's complaint addresses an ongoing problem or multiple instances of the same type of harm, prisoners need not file a new grievance in each instance to qualify for exhaustion.").

**3. Conclusion**

The Reports of the Magistrate Judge, which contain her proposed findings of fact and recommendations for the disposition of the motions, have been presented for consideration. Having made a *de novo* review of the objections raised by the parties to the Reports, the court is of the opinion that the findings and conclusions of the Magistrate Judge are correct and the various objections are without merit. Therefore, the court adopts the findings and conclusions of the Magistrate Judge as the findings and conclusions of the court. It is accordingly

**ORDERED** that Defendant's 12(b)(1) Motions to Dismiss Moot Claims for Prospective Relief (*Burley*, Dkt. #125; *Bachelder*, Dkt. # 68) are **DENIED**. It is also

**ORDERED** that Defendant's Motion for Summary Judgment against Plaintiff Lane (*Burley*, Dkt. #105) is **GRANTED**. Plaintiff Lane's claims are dismissed with prejudice for purposes of proceeding *in forma pauperis*. It is finally

**ORDERED** that Defendant's Motion for Summary Judgment against the Consolidated Plaintiffs and Defendant's Motion for Summary Judgment against Bachelder (*Burley*, Dkt. # 128; *Bachelder*, Dkt. # 69) are **DENIED**.

So **ORDERED** and **SIGNED** this **22** day of **September, 2017.**

_____
Ron Clark, United States District Judge